COCKERILL (CONNER v.). See Case No. 3,112.

COCKREM (BIRD v.). See Case No. 1,429.

COCKRIN (UNITED STATES v.). See Case No. 14,822.

COCKRUN v. McLEAN. See Case No. 2,-927a.

## Case No. 2,933.

In re COCKS.

[3 Ben. 260.] [1]

District Court. E. D. New York. May, 1869.

BANKRUPTCY—BAKER—TRADESMAN.

A baker, who buys flour, which he makes into bread, and sells the bread to daily customers, is a tradesman within the meaning of the 29th section of the bankruptcy act [of 1867 (14 Stat. 531)], and is not entitled to a discharge, if he has not kept proper books of account.

[In the matter of John F. Cocks, a bankrupt.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

BENEDICT, District Judge. This case raises the question whether a person whose occupation is that of a baker, and who buys flour, which he converts into bread, and then sells the bread to daily customers, is to be deemed a tradesman, within the meaning of the 29th section of the bankrupt act, and therefore not entitled to a discharge, where it appears that he has kept no books of account whatever.

As neither counsel have referred to any authority bearing upon the question, I am justified in assuming for the purposes of this case that no authorities exist, either in this country or in England, which throw any light upon the subject. In the absence of any light from authorities, I incline to the opinion that the petitioner must be held to be a tradesman, and, therefore, not entitled to a discharge, for the reason that it appears that he has kept no books of account.